AYRES, Judge.
This is an action in tort wherein plaintiff, Rose Ann Brocato, seeks to recover damages for injuries sustained in an automobile accident which occurred on July 20, 1970, on U. S. Highway 80 about 1.3 miles east of the corporate limits of Bossier City. Made defendants are Mrs. Araina Sue Knight Shipp, with whom she was riding as a guest passenger, and Louisiana Farm Bureau Mutual Insurance Company, insurer of the automobile driven by plaintiff’s host.
Negligence charged to Mrs. Shipp consists of an attempt to pass a large truck which allegedly caused her to lose all visibility and, thus, all control of her automobile; failure to maintain a proper lookout; and in the operation of her vehicle at an excessive and unsafe rate of speed.
Defendants denied that Mrs. Shipp was guilty of any acts of negligence and affirmatively alleged that the proximate cause of the accident was the negligence of the driver of the truck who steered his vehicle into the left westbound passing lane in which defendant Mrs. Shipp was then, and had been for some time, in the process of passing. This maneuver of an unidentified driver of an unknown truck, it was contended, forced Mrs. Shipp’s automobile off the highway and thus caused the accident.
The court found Mrs. Shipp free of negligence and sustained defendants’ affirmative defense and concluded that the accident was caused by the action of the truck driver. From a judgment accordingly rejecting plaintiff’s demands, she appeals.
The highway, comprising a section of an east and west main thoroughfare across North Louisiana, consists of two traffic lanes for traffic in each direction, separated by a grass-covered median sloping downward toward the center. Occasional crossovers from the lanes of one direction of traffic to those of the other were provided with concrete culverts underneath.
The accident occurred about 11:00 p. m. A heavy fall of rain created conditions hazardous for vehicular traffic.
With Mrs. Shipp were plaintiff, seated to her right on the front seat, and Craig Knight, Mrs. Shipp’s brother, asleep on the rear seat. The parties had attended a ball game in Ruston, participated in by Knight as a player, and were en route to Shreveport where they resided. Before reaching the scene of the accident Mrs. Shipp, for some appreciable time and distance, had occupied the left, or inner, westbound traffic lane of the highway to the rear of a large truck which occupied the outer, or right, westbound traffic lane. For some appreciable time and distance, Mrs. Shipp had desired to pass the truck but, due to the heavy rain and the sheets of water thrown up and outward by and from the truck’s wheels, she was unable to negotiate a passing movement. The rain eventually slackened, which, in Mrs. Shipp’s opinion, permitted a safe passage, whereupon she increased her speed, came alongside the rear of the truck and then reached a point opposite or alongside the rear of the cab, when the truck driver began a change of traffic lanes, that is, from the outer to the inner westbound traffic lane. This maneuver forced Mrs. Shipp off the highway, who, in order to avoid a collision with the truck, took to the median and after proceeding 183 feet struck a culvert underneath one of the crossovers. The force *623 of this impact produced the injuries for which plaintiff seeks to be compensated in damages.
The issues relate to purely factual matters which, to plaintiff, were adversely resolved. Plaintiff complains that had the court properly placed the burden of proof upon defendants to show that Mrs. Shipp used ordinary care at the time of the accident, the evidence would have warranted a conclusion that Mrs. Shipp’s negligence was a proximate cause of the accident. This contention is predicated upon the principle that in actions involving automobile accidents based upon negligence a passenger makes out a prima-facie case against the driver when he shows that the vehicle which caused the injury was under defendant’s control; that the accident and injury did take place; and that the event would not have happened in the ordinary course of events if due care had been taken by the driver, whereupon the burden is then shifted to defendant driver to exculpate himself or herself from negligence by showing his or her exercise of ordinary and due care. Cited in support of this proposition are:
Lawson v. Nossek, 15 La.App. 207, 130 So. 669 (2d Cir. 1930);
Harrelson v. McCook, 198 So. 532 (La.App., 2d Cir. 1940-writ denied) ;
Orestiadou v. Succession of Andrews, 236 So.2d 884 (La.App., 3d Cir. 1970).
There is no question but that the driver of an automobile owes to his guest passenger the duty of exercising ordinary and reasonable care for his safety and that this duty extends to the maintenance of proper speed and control of the vehicle (Fontana v. State Farm Mutual Automobile Ins. Co., 173 So.2d 284 [La.App., 3d Cir. 1965' — -writ refused]), and that upon becoming aware of a dangerous situation the driver of an automobile should act as a reasonably prudent person under the circumstances. Christos v. Manos, 16 La. App. 512, 134 So. 713 (1931).
A rule of law applicable to the situation presented here is contained in LSA-R.S. 32:104, subd. A, which provides:
“No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
In interpreting this provision of the statute where divided highways are concerned, the courts have held that before a motorist may change from one lane to another he must first ascertain that the maneuver can be accomplished without endangering the following or approaching traffic.
Williams v. Lafauci, 166 So.2d 42 (La.App., 4th Cir. 1964);
Scott v. Travelers Insurance Company, 194 So.2d 154 (La.App., 1st Cir. 1966).
The facts as detailed hereinabove admit of no conclusion except that the truck driver violated the above statutory provisions and was guilty of negligence causing the accident. The question, however, is whether or not Mrs. Shipp was guilty of negligence contributing to the accident. There is no question of the presence of the truck or the fact that the driver attempted a change of traffic lanes. Its presence was the basis of plaintiff’s action. Plaintiff, as well as defendant Mrs. Shipp, testified as to its presence. Mrs. Shipp moreover reported to the State Police investigating the accident soon after its occurrence that the truck moved into her traffic lane and forced her off the highway. She made the same report to her father, D. L. Knight, who also saw her soon after the wreck, and who was likewise en route in a separate car from Ruston to Shreveport. Her testimony on the trial was in accord with her prior statements. *624 Moreover, plaintiff reported to D. L. Knight that the truck crowded them off the highway. Mrs. Knight’s testimony was straightforward and consistent. It has not been questioned. The trial court believed Mrs. Shipp. We find no basis to disagree.
The record establishes that Mrs. Shipp (who at the time of the accident was Miss Knight) and plaintiff were the best of friends. Both were employed by the Shrine Hospital for Crippled Children in Shreveport. Plaintiff had been invited as a guest of the then Miss Knight to accompany her to Ruston to witness a ball game which, as heretofore noted, was participated in by her brother. The defendant Mrs. Shipp had no personal or financial interest in the outcome of this litigation as she was adequately covered by insurance. Her sympathy no doubt was with and for her friend, as is ours. Therefore, if it should be conceded that the established facts and circumstances of this case warranted the shifting of the burden of proof to defendants, the conclusion is inescapable that defendants have met this burden and established by a preponderance of evidence Mrs. Shipp’s actions as those of a reasonably prudent person and her freedom from fault in either causing or contributing to the occurrence of this accident.
Much is made of the contention that Mrs. Shipp lost control of her vehicle. She so admitted under cross-examination. From the evidence this appears to us to be a matter of no importance inasmuch as the action of the truck driver forced her off the highway and inasmuch as her loss of control was not shown to have been an efficient superseding or intervening cause of the accident.
Finding no error in the trial court’s findings of fact or the conclusions reached therefrom, but being in accord therewith, the judgment appealed is, should be, and it is, accordingly, affirmed at plaintiff-appellant’s costs.
Affirmed.